■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM BLAKE, Appellant.— Motion by appellant pro se: (a) to vacate the order of this court, dated May 31, 1944, dismissing for lack of prosecution his appeal from a judgment of the former County Court, Kings County, rendered December 14, 1943; (b) to reinstate said appeal; and (c) for leave to dispense with printing and for the assignment of counsel on such appeal. Motion denied in all respects. Appellant previously made a *coram nobis* application at the Criminal Term, Supreme Court, Kings County, to vacate the said 1943 judgment on the ground that he had been deprived of his right to appeal from such judgment. By a decision rendered December 10, 1964 and an order dated January 11, 1965, Mr. Justice LEIBOWITZ, after taking proof, denied appellant's *coram nobis* application. From the transcript of the minutes of the hearing before Judge LEIBOWITZ, his written decision and order, it appears that such denial was based upon the following findings of fact: (1) that the appellant pro se on December 31, 1943 had duly filed and served his notice of appeal from the 1943 judgment; (2) that on or about April 10, 1944, appellant personally had been duly served with a copy of the District Attorney's notice of motion and affidavit to dismiss the appeal; (3) that appellant failed to oppose the motion to dismiss either on the original return date of April 24, 1944, or on the adjourned date of May 22, 1944; (4) that in the absence of any opposition the appeal was dismissed on the latter date; and (5) that on May 31, 1944 an order was entered by this court dismissing the appeal — although a copy of such order of dismissal was not thereafter served upon appellant. Mr. Justice LEIBOWITZ' denial of the *coram nobis* application, however, was with leave to the appellant, if so advised, to apply to this court for leave to reinstate his appeal. Appellant now makes such motion. In our opinion the findings of Judge LEIBOWITZ are amply sustained by the proof adduced before him. In the light of these findings it cannot be said that the appellant was prevented by any person from perfecting or prosecuting his appeal or that he was deprived of his right of appeal. Hence, his motion to reinstate the appeal must be denied. Beldock, P. J., Ughetta, Christ, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EUGENE YACABELLIS, Appellant.— This appeal was called for argument on January 11, 1965 but appellant had failed to perfect the appeal and to furnish the papers on appeal and a brief; the People moved to dismiss the appeal. Pursuant to statute (Code Crim. Pro., § 538), the motion is granted and the appeal is dismissed. Beldock, P. J., Ughetta, Christ, Hopkins and Benjamin, JJ., concur.